# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Hon. Steven C. Mannion |
| v. | : Magistrate No. 18-6243 (SCM) |
| JUAN CARLOS CARPINTERO-RODRIGUEZ,<br>a/k/a "Juan Carpintero,"<br>a/k/a "Juan C. Carpintero" | : **CRIMINAL COMPLAINT** |

I, Ian Patel, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief:

SEE ATTACHMENT A

I further state that I am a Deportation Officer with the United States Department of Homeland Security, Immigration and Customs Enforcement, and that this complaint is based on the following facts:

SEE ATTACHMENT B

_____
Ian Patel
Deportation Officer
Immigration and Customs Enforcement
U.S. Department of Homeland Security

Sworn to before me and subscribed in my presence,
November 1, 2018 Newark, New Jersey

_____
HONORABLE STEVEN C. MANNION         Signature of Judicial Officer
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

On a date on or after June 18, 2004, and on or before August 31, 2018, in Passaic County, in the District of New Jersey, and elsewhere, the defendant,

JUAN CARLOS CARPINTERO-RODRIGUEZ,
a/k/a "Juan Carpintero,"
a/k/a "Juan C. Carpintero"

being an alien, and on or about February 4, 2002, having been convicted in the Supreme Court of the State of New York, Queens County, of Attempted Criminal Possession of a Weapon, in the Third Degree, in violation of Section 110-265.02(4) of the New York Panel Law, a felony, and thereafter having been deported and removed and having departed from the United States while an order of deportation was outstanding, did knowingly and voluntarily enter, attempt to enter, and was found in the United States without the Attorney General or the Secretary of Homeland Security expressly consenting to the defendant's re-applying for admission to the United States prior to his re-embarkation at a place outside the United States.

In violation of Title 8, United States Code, Sections 1326(a) and 1326(b)(1).

## **ATTACHMENT B**

I, Ian Patel, am a Deportation Officer with the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. The defendant, JUAN CARLOS CARPINTERO-RODRIGUEZ, a/k/a "Juan Carpintero," a/k/a "Juan C. Carpintero" (the "Defendant"), is a citizen of El Salvador, and he neither is a citizen nor a national of the United States.

2. On or about October 30, 1992, the Defendant was arrested by the New York City Police Department in New York for Criminal Possession of a Weapon, in the Third Degree, in violation of Section 265.02(4) of the New York Penal Law.

3. On or about March 19, 1993, the Defendant pled guilty in the Supreme Court of the State of New York, Queens County, to Criminal Possession of a Weapon, namely a handgun, in the Third Degree, in violation of Section 265.02(4) of the New York Penal Law and was subsequently sentenced to approximately five years' probation.

4. On or about June 17, 1996, the Defendant was arrested by the New York City Police Department in New York, for various charges, including but not limited to, Criminal Possession of a Weapon, in the Third Degree, in violation of Section 265.02(4) of the New York Penal Law.

5. On or about February 4, 2002, the Defendant pled guilty in the Supreme Court of the State of New York, Queens County, to Attempted Criminal Possession of a Weapon, in the Third Degree, in violation of Section 110-265.02(4) of the New York Penal Law, and was subsequently sentenced to approximately three years' imprisonment.

6. Thereafter, on or about November 15, 2002, the Defendant was ordered removed from the United States to El Salvador by an Immigration Judge sitting in Napanoch, New York.

7. On or about June 18, 2004, the Defendant was removed from the United States to El Salvador. Shortly before his removal from the United States on or about June 18, 2004, an official from the ICE took a fingerprint from the Defendant.

8. At some point after his June 18, 2004 removal, the Defendant re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

9. On or about August 31, 2018, the Defendant was arrested by ICE in Clifton, New Jersey.

10. A fingerprint taken from the Defendant pursuant to his 1992 and 1996 arrests for Criminal Possession of a Weapon were compared to his June 18, 2004 deportation record and the August 31, 2018 fingerprints that were taken after he entered ICE's custody. All the fingerprints were found to be identical.

11. Prior to the Defendant's reentry into the United States, neither the Attorney General nor the Secretary of Homeland Security consented to the Defendant re-entering the United States. The Defendant also did not receive a waiver allowing him to re-enter the United States.